## 7481

### BELL v. GARDNER & LACEY LUMBER CO.

DEEDS—WORDS AND PHRASES.—An exception in a deed conveying a large tract of land "and also excepting such small tracts as I have bargained and agreed to sell to several individuals, who have already made payments to me thereon, for which they hold my receipts, amounting in the aggregate * * * " includes those tracts which the grantor had previously granted to and put others in possession of and who had made valuable improvements thereon, whether they held his receipts for payments or not. That this deed contains a warranty lends force to this construction. Rules for construing certain deeds stated.

Before ALDRICH, J., Horry, April, 1909. Affirmed.

Action by Joseph L. Bell and Robert L. Bell against Gardner & Lacy Lumber Co. From judgment for plaintiffs, defendant appeals.

*Messrs C. P. Quattlebaum* and *M. C. Woods,* for appellant, cite: *Exception in deed is to be construed against grantor:* 41 Ia., 224; 3 Am. Dec., 500; 34 Barb., 566; 62 N. Y., 592; 86 Pa. St., 529; 6 Pet., 302; 13 Cyc., 679; 34 Vt., 302.

*Messrs. H. H. Woodward* and *Robt. B. Scarborough,* contra. *Mr. Woodward* cites: *First purchaser had an equitable estate:* 29 Ency., 847; 26 Ency., 57; 48 S. C., 496; 21 S. C., 455; 28 S. C., 58; 39 S. C., 356; 1 Pom. Eq. Jur., 368, 372; 21 S. C., 492; 80 S. C., 460.

*Mr. Scarborough* cites: *This land was excepted from sale to defendants:* 6 Pet., 302.

March 9, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover possession of a tract of land containing fifteen acres, which forms part of a large body of land, conveyed by Francis Duffie to the defendant on the 10th of May, 1904. The deed conveying the land to the defendant, contains this provision: "And also excepting such small tracts, as I have bargained and agreed to sell to several individuals, who have already made payments to me thereon, for which they hold my receipts, amounting in the aggregate, to something like seventy-five or eighty acres."

On the 2d of February, 1907, Francis Duffie conveyed the said fifteen acres to the plaintiffs.

Several years prior to the execution of the deed, by Duffie to the defendant, one Foster Shelley entered into possession of the land in dispute, under an agreement with Duffie to purchase the same, made valuable improvements, and was in possession thereof at the time of the sale to the defendant.

Some time after the sale to the defendant, Shelley removed from the land, which he had agreed to purchase, and after the sale thereof, by Duffie to the plaintiffs, the defendant went into possession and felled the timber.

The record contains the admission that both the plaintiff's and defendant's deeds embraced the land in dispute, unless it is excepted in the defendant's deed.

The jury rendered a verdict in favor of the plaintiffs, and the defendant appealed.

The question presented by the exceptions, is, whether there was error on the part of his Honor, the Circuit Judge, in ruling that Shelley came within the said exception or reservation, even though he has made no payments to Duffie, for which he had his receipts, provided, he had such an interest in the land, at the time of the sale, as entitled him to specific performance of his contract with Duffie.

The words, "who have already made payments to me thereon for which they hold my receipts," were not intended to restrict the exception to those small tracts which Duffie had bargained to sell to the several individuals who had made payments and received his receipts, but to include those tracts which had gone into possession of the purchasers, and upon which they had made valuable improvements, as all the parties to whom he had agreed to sell the lands, held by a right, paramount to his title, at the time of his conveyance to the defendant.

The word "who" was used in the sense of "as they," which shows that Duffie intended to except such small tracts, as he had bargained to sell to several individuals, as they had made payments for which they had his

receipts, and, therefore, had a superior right to the land. And, as Shelley held possession by a paramount right, his lands came within the exception.

When the provisions of a deed are susceptible of two interpretations, one of which recognizes a legal and moral obligation, resting upon the grantor towards a third person, while the other savors of wrong and fraud on his part, the presumption is that he intended to act in accordance with the moral law and the rights of such third person.

The following language from the opinion of the Court, in the case of *Mims* v. *Chandler*, 21 S. C., 480, shows that it would have been wrong in morals, and contrary to the principles of equity, for the grantor to have endeavored to defeat the rights of Shelley, to wit:

"According to the authorities, it seems that putting the purchaser into possession, is to be considered as stronger evidence of part performance, than mere payment of the purchase money, for the reason that such act would be a fraud upon the purchaser unless the agreement should be fully performed. 'Especially will it be held to do so, when the party let into the possession has expended money in building, or repairs, or other improvements; for under such circumstances, if the parol contract were to be deemed a nullity, he would be liable to be treated as a trespasser; and the expenditure would not only operate to his prejudice, but be the direct result of a fraud practiced upon him.' 2 Story's Eq., 765."

Another reason militating against the construction, for which appellant contends, is, that the deed to the defendant contains the usual covenants of warranty, and it must be presumed that Duffie did not intend to include land, which he knew had been sold to another, as he would thereby become liable under his warranty for a breach of his contract.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.